OPINION
{¶ 1} Defendants-appellants Gray's Used Tractors, Timothy Gray, Gary Gray, and TG Tractors (the Grays) appeal from a default judgment rendered against them upon the Amended Complaint of Plaintiff-appellee Timothy Sparks. The Grays contend that the trial court erred in rendering default judgment against them, because the time for answering the amended complaint had not run when Sparks filed his motion for default judgment. Because Sparks's motion for default judgment was not predicated upon a failure to file a timely answer to his complaint, but was instead predicated upon a failure to comply with various discovery orders, we conclude that the Grays' assignment of error is without merit. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Sparks filed a Complaint for Delivery of Nonconforming Goods and Damages for Fraud against Gray's Used Tractors, Timothy Gray, and Gary Gray, on December 10, 2004, in the Clark County Municipal Court of Springfield. "Tim" Gray and Gary Gray filed their answer to this complaint on February 7, 2005.
 {¶ 3} Sparks filed a motion to amend his complaint to add "two known names for the entity the individual Defendant used to conduct their business in dealing with Plaintiff." The trial court granted this motion on March 24, 2005.
 {¶ 4} Thereafter, and before an amended complaint was filed, Sparks filed a "Motion for Orders to Deem Facts Requested for Admission as Admitted for this Case, and/or to Compel Discovery." A pre-trial conference was held at which Sparks and his attorney were present, but neither the Grays, nor anyone representing the Grays, was present. The trial court entered an order: (1) deeming certain facts admitted as a result of the Grays' failure to respond to Sparks's request for admissions; (2) granting Sparks's motion to compel discovery and ordering the Grays to respond to certain interrogatories no later than April 19, 2005; and (3) granting Sparks's oral motion for leave to file a motion for summary judgment.
 {¶ 5} On April 7, 2005, Sparks filed his amended complaint, which added T G Tractors as a named defendant. On April 25, 2005, Sparks filed a "Motion for Default Judgment for Failure to Answer Interrogatories or for Preclusion of Evidence at Trial." The record reflects no response to this motion, nor any other filings by the Grays from April 25, 2005, the date of filing of Sparks's motion for default judgment, until, and including, June 10, 2005, when the trial court granted Sparks's motion for default judgment, and rendered the judgment from which this appeal is taken.
 II {¶ 6} The Grays' sole assignment of error is as follows:
 {¶ 7} "THE MUNICIPAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON A MOTION FILED PRIOR TO THE RUNNING OF THE TIME TO ANSWER THE AMENDED COMPLAINT PROVIDED IN RULE 12 OF THE OHIO RULES OF CIVIL PROCEDURE."
 {¶ 8} The Grays argue that the trial court erred in rendering default judgment against them, because the time to answer the amended complaint had not yet run when the motion for default judgment was filed. This argument is based upon a fundamental misunderstanding of the basis for the motion for default judgment. Sparks predicated his motion for default judgment not upon the Grays having failed to file a timely answer, in accordance with Civ. R. 55(A), but upon the Grays having failed to comply with discovery orders, in accordance with Civ. R. 37(B)(2)(c).
 {¶ 9} The Grays do not argue that the trial court abused its discretion in ordering default judgment as a discovery sanction, perhaps because they did not respond to the motion for default judgment, which would make it difficult to argue that the trial court abused its discretion in having granted a motion that was unopposed.
 {¶ 10} Because the Grays' sole assignment of error is based upon the mistaken premise that the default judgment rendered against them was predicated upon their failure to have filed a timely answer to the amended complaint, it is without merit, and it is overruled.
 III {¶ 11} The Grays' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Wolff and Valen, JJ. concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).